IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | **8:21-CR-306** |
| vs. | |
| DANIEL M. GUTIREZ, | **ORDER TO SHOW CAUSE** |
| Defendants. | |

On March 27, 2023, defendant Daniel M. Gutirez pleaded guilty to Counts I and III of the Indictment. Filing 77 (Text Minute Entry). In accordance with the well-established practice in this district, an order on sentencing schedule was filed that same day setting deadlines related to the presentence investigation report and filing motions and objections with the Court. Filing 79. Specifically, the order on sentencing schedule in this case required counsel to provide the probation officer drafting the presentence investigation report with information related to the defendant no later than April 24, 2023. Filing 79 at 1. To this date, defense counsel has failed to provide a packet to the probation officer so that the presentence investigation report can be completed.

The probation officer in this case has communicated to the Court that he has been in contact with defense counsel by phone and email about providing the packet as outlined by the order on sentencing schedule. On May 9, 2023, after the deadline set by the order on sentencing schedule had passed, the probation officer emailed defense counsel requesting the packet so that he could incorporate the information into the presentence investigation report. Defense counsel replied that he "would see what [he] could do," noting that he was in Kansas City and did not have his client's file. After the officer responded that he would need the packet no later than May 18, 2023, defense counsel left a voicemail stating he had been having difficulty contacting his client and that he

1

would attempt to meet that deadline. On May 23, 2023, the probation officer informed the Court that he has not heard from defense counsel. While drafting this order, the Court learned that defense counsel emailed the probation officer today inquiring if the officer had received the packet from his client. The answer, however, is no, and the Court must emphasize that it is defense counsel's obligation to comply with the Court's deadlines and ensure information is timely submitted, not to leave it entirely up to the client to timely provide the probation officer with information. Without this packet, much of the presentence investigation report related to the history and characteristics of the defendant will be omitted.

The Eighth Circuit has recognized the importance of the presentence investigation report for imposing sentences. "Information compiled prior to a criminal defendant's sentencing not only affects the length of the sentence, but might also determine the defendant's place of incarceration ... and relationships with social service and correctional agencies after release from prison." *United States v. Brown*, 715 F.2d 387, 389 n.2 (8th Cir. 1983). To that end, Federal Rule of Criminal Procedure 32 requires that the report contain information related to the defendant's history and characteristics. Fed. R. Crim. P. 32. Defense counsel's actions have frustrated the sentencing process.

The Eighth Circuit has also recognized the district court's broad discretion in setting and enforcing deadlines. *See Reasonover v. St. Louis County*, 447 F.3d 569, 579 (8th Cir. 2006). Here, the deadline for defense counsel to provide information to the probation officer as set out in the order on sentencing schedule passed several weeks ago. He has also failed to communicate with the probation officer in a timely and appropriate fashion after not providing the packet by May 18 as requested by the probation officer. Sentencing is presently scheduled for June 21, 2023, Filing

79, and the Court is not inclined to continue sentencing, especially in light of defense counsel dilatory conduct.

Under these circumstances, the Court will order counsel for Gutirez to show cause why he has not provided the probation officer drafting the presentence investigation report with the packet as he is required to do by the Court's order on sentencing schedule. Counsel must show cause in a document filed on the docket by 5:00 pm on Thursday, May 25, 2023. Failure to show cause may result in sanctions against defense counsel. Accordingly,

IT IS ORDERED that counsel for Daniel M. Gutirez must show cause by 5:00 pm on Thursday, May 25, 2023, as outlined in this order.

Dated this 23rd day of May, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge